1  Jennifer Pafiti (SBN 282790)
   **POMERANTZ LLP**
2  468 North Camden Drive
   Beverly Hills, CA 90210
3  Telephone: (818) 532-6499
   E-mail: jpafiti@pomlaw.com
4  - *additional counsel on signature page –*

5

6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 7 ROBERT FORD, Individually and on Behalf of All Others Similarly Situated, | No. 2:16-cv-00255-TJH-AFM |
| 8 Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NHTC INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| 9 v. | |
| 10 NATURAL HEALTH TRENDS CORP., CHRIS T. SHARNG, and TIMOTHY S. DAVIDSON, | |
| 11 | |
| 12 Defendants. | |
| 13 | DATE: April 18, 2016 TIME: UNDER SUBMISSION JUDGE: Hon. Terry J. Hatter, Jr. CTRM: 17 (Spring Street Level) |
| 14 | |
| 15 | |
| 16 LIANGBIN LI, Individually and on Behalf of All Others Similarly Situated, | No. 2:16-cv-00309-TJH-AFM |
| 17 Plaintiff, | |
| 18 v. | |
| 19 NATURAL HEALTH TRENDS CORP., CHRIS T. SHARNG, and TIMOTHY S. DAVIDSON , | |
| 20 | |
| 21 Defendants. | |
| 22 | |
| 23 | |
| 24 | |

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1

**TABLE OF CONTENTS**

2   I.    PRELIMINARY STATEMENT ....................................................................1

3   II.   STATEMENT OF FACTS ..........................................................................2

4   III.  ARGUMENT................................................................................................5

5           A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........................................................................................5

6

7           B.    THE NHTC INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .................................................................................7

8                   1.    The NHTC Investor Group is Willing to Serve as Class Representative...............................................................................8

9

10                  2.    The NHTC Investor Group has the "Largest Financial Interest" ...9

11                  3.    The NHTC Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...........................................................................................10

12

13                  4.    The NHTC Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Any Unique Defenses ...................................................................13

14

15           C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...........................................................................................14

16   IV.  CONCLUSION..........................................................................................15

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Cases**            **Pages**

3

4
*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) ...................................................10

5
*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) ....................................................................11

6

7
*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ............................................................6

8
*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) .................................................................11

9

10
*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................6

11
*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999) ...........................................................11

12

13
*Erikson v. Cornerstone Propane Partners LP,*
    2003 U.S. Dist. LEXIS 18009 (N.D. Cal. Sept. 9, 2003) ............................8

14
*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .......................................................11

15

16
*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ...........................................................10, 14

17
*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ...........................9

18

19
*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...........................6

20
*In re Gemstar-TV Guide Int'l. Sec. Litig.*,
    209 F.R.D. 447 (C.D. Cal. 2002) ...........................................................9

21

22
*In re McKesson HBOC, Inc. Sec. Litig.*,
    97 F. Supp. 2d 993 (N.D. Cal. 1999) ......................................................9

23
*In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
    693 F.2d 847 (9th Cir. 1982) ...............................................................12

24

25
*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) .................................................9, 10, 11

26
*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................11

27

28
*In re Sterling Financial Corp.*,
    2007 WL 4570729 (E.D. Pa. Dec. 21, 2007) .....................................11, 12

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ...................................................................6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).........................................................................5

*Lax v. First Merchants Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. 1997) ............................................................9, 10

*Lerwill v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir. 1978).........................................................................12

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)............................................................................5

*Osher v. Guess, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .........................8, 14

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986).......................................................................12

*Squyres v. Union Texas Petroleum Holdings, Inc.*,
   1998 U.S. Dist. LEXIS 22945 (C.D. Cal. Nov. 2, 1998)................................8

*Takeda*,
   67 F. Supp. 2d ...............................................................................................12

*Wenderhold v. Cylink Corp.*,
   188 F.R.D.577, 587 (N.D. Cal. 1999).............................................................10

## Statutes

15 U.S.C. § 78u 4(a)(3)(B)(v)...............................................................*passim*

## Rules

Rule 23 of the Federal Rules of Civil Procedure....................................*passim*

Rule 42 of the Federal Rules of Civil Procedure ....................................1, 5

## Other Authorities

Manual for Complex Litigation (Third), § 20.123 (1995).............................5

MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

Brandon Stroh and Adriana Stroh, Jerry E. Carafello, and David Dunning (collectively, the "NHTC Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:  (1) consolidating the above-captioned related actions; (2) appointing the NHTC Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of Natural Health Trends Corp. ("NHTC" or the "Company") between March 6, 2015 and January 12, 2016, inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.  PRELIMINARY STATEMENT

Currently pending in this District are two federal securities class action lawsuits (the "Related Actions") filed on behalf of the Class, consisting of persons, other than Defendants, who purchased or otherwise acquired securities of NHTC during the Class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Period.[1]   Each raises substantially similar allegations: defendants violated federal securities laws by issuing false and misleading statements.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The NHTC Investor Group, with losses of approximately $173,894 in connection with its purchases of NHTC common stock, has the largest financial interest in the relief sought in this action.  The NHTC Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members.  Accordingly, the NHTC Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II. STATEMENT OF FACTS

NHTC controls subsidiaries that sell personal care, wellness, and "quality of life" products under the "NHT Global" brand.  The Company's wholly-owned subsidiaries have an active presence in North America, Greater China (consisting of Hong Kong, Taiwan and China), South Korea, Japan, and Europe.  The Company also operates within Russia, Kazakhstan and Ukraine through its engagement with a local service provider.

---

[1] The Related Actions are *Robert Ford v. Natural Health Trends Corp. et al.*, 2:16-cv-00255 (C.D. Cal. Jan. 12, 2016) and *Liangbin Li v. Natural Health Trends Corp. et al.*, 2:16-cv-00309 (C.D. Cal. Jan. 14, 2016).

The Company has not implemented a direct selling or multi-level marketing model in China. The Chinese government permits direct selling only by organizations that have a license that the Company does not have, and has also adopted anti-multilevel marketing legislation.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the operations of Natural Health Trends' Chinese entity is not in compliance with applicable Chinese laws; and (2) as a result, Defendants' statements about Natural Health Trends' business, operations, and prospects, were false and misleading and/or lacked a reasonable basis at all relevant times.

On January 7, 2016, *Seeking Alpha* published a post indicating that a newspaper investigative report published in China revealed that the Company was under investigation by Chinese authorities.

On this news, Natural Health Trends stock fell $3.11 per share, or over 10% from its previous closing price, to close at $25.92 per share on January 7, 2016, damaging investors.

On January 11, 2016, the Company issued a press release announcing fourth quarter 2015 estimated revenue in which Defendant Sharng stated, in part:

> On January 7, we became aware of an online posting alleging a government investigation of our business in

China. By January 11, our Chinese employees were in direct contact with the Beijing City's government officials. ***As of now, we are unaware of an investigation.*** We have initiated the process set forth in China's pertinent law to contact the website where the allegation was posted. We will appropriately disclose any material, verified information.

[Emphasis added].

On January 11, 2016, analyst firm GeoInvesting, LLC ("GeoInvesting") issued a report about the Company asserting, among other things, that: (1) according to a neighboring office employee, the Company's Beijing office was visited by uniformed authorities on or around December 25, 2015, who seized property; (2) this visit by uniformed authorities corroborates the *Seeking Alpha* post that the Company is under investigation for running an illegal multi-level marketing business in China; (3) on December 28, 2015, the Company posted a special notice on its official website warning its distributors to stop using its name; (4) on January 8, 2016, the Company announced the temporary suspension of its distributor website for maintenance; and (5) snapshots from the Company's Hong Kong website appear to confirm that the Company is operating an illegal multi-level marketing scheme in China.

On this news, Natural Health Trends stock fell $2.65 per share, or over 11% from its previous closing price, to close at $20.70 per share on January 11, 2016, further damaging investors.

On January 12, 2016, GeoInvesting issued another report about the Company asserting, among other things, that several reputable Chinese media sites, including *SINA*

*Finance*, had earlier that morning reported that the Company had been raided and is under investigation.

On this news, Natural Health Trends stock fell $1.51 per share, or over 7% from its previous closing price, to close at $19.18 per share on January 12, 2016, further damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Fed. R. Civ. P. 42(a).   See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d

Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of NHTC's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5

("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.   THE NHTC INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As set forth below, the NHTC Investor Group satisfies all three of these criteria, and is thus entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class. *See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Squyres v. Union Texas Petroleum Holdings, Inc.*, 1998 U.S. Dist. LEXIS 22945, at *5 (C.D. Cal. Nov. 2, 1998); *Osher v. Guess, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

### 1. The NHTC Investor Group is Willing to Serve as Class Representative

On January 12, 2015, counsel for plaintiff in the first filed above-captioned action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of NHTC securities that they had until March 14, 2016 to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jennifer Pafiti in Support of the Motion of the NHTC Investor Group for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Pafiti Decl."), Ex. A.

The NHTC Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications attesting that its members are willing to serve as class representatives for the Class and provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. B. Accordingly, the NHTC Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES

## 2. The NHTC Investor Group has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, the NHTC Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (the "Lax-Olsten" factors).[2]

During the Class Period, the NHTC Investor Group (1) purchased 13,048 shares of NHTC stock; (2) expended $526,732 on its purchases of NHTC stock; (3) and as a result of the revelations of the fraud, suffered a loss of $173,894. *See* Pafiti Decl., Ex. C. Because the NHTC Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d

---

[2] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Converse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

### 3. The NHTC Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587

(N.D. Cal. 1999). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). *See In re Sterling Financial Corp.*, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the injuries as the absent class members, and their claims are based on the same legal issues."). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the NHTC Investor Group are typical of those of the Class. The NHTC Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading

statements of material facts concerning NHTC, or omitted to state material facts necessary to make the statements they did make not misleading.  The NHTC Investor Group, as did all members of the Class, purchased NHTC securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986).  *See Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy

requirement is satisfied when "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members.").

The NHTC Investor Group will adequately represent the interests of the Class. There is no antagonism between the interests of the NHTC Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation.  Moreover, the NHTC Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### 4.  The NHTC Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Any Unique Defenses

The presumption in favor of appointing the NHTC Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the NHTC Investor Group to fairly and adequately represent the Class has been discussed above. The NHTC Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent

1    the Class.  Accordingly, the NHTC Investor Group should be appointed Lead Plaintiff for

2    the Class.

3
         **C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE**
4                **APPROVED**

5
         The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel,
6

7    subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 U.S.

8    Dist. LEXIS 6057, at *15.  The Court should interfere with Lead Plaintiff's selection only
9

10   when  necessary  "to  protect  the  interests  of  the  class."  15  U.S.C.§  78u-

11   4(a)(3)(B)(iii)(II)(aa).  *See Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA

12
     "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's
13

14   decisions as to counsel selection and counsel retention.").

15       Here, the NHTC Investor Group has selected Pomerantz LLP as Lead Counsel.

16
     Pomerantz is highly experienced in the area of securities litigation and class actions, and
17

18   has successfully prosecuted numerous securities litigations and securities fraud class

19
     actions on behalf of investors, as detailed in the firm's resume.  *See* Pafiti Decl., Ex. D.
20

21   As a result of the firm's extensive experience in litigation involving issues similar to those

22   raised in this action, counsel of the NHTC Investor Group have the skill and knowledge
23

24   which will enable them to prosecute this action effectively and expeditiously. Thus, the

25   Court may be assured that by approving the NHTC Investor Group's selection of Counsel,

26
     the members of the class will receive the best legal representation available.
27

28

1

## IV.     CONCLUSION

2

3

        For the foregoing reasons, the NHTC Investor Group respectfully requests that the

4

Court issue an Order: (1) consolidating the Related Actions; (2) appointing the NHTC

5

Investor Group as Lead Plaintiff; (3) approving Pomerantz as Lead Counsel for the Class;

6

7

and (4) granting such other relief as the Court may deem to be just and proper.

8

9

Dated: March 14, 2016

**POMERANTZ  LLP**

10

11

*/s/ Jennifer Pafiti*

Jennifer Pafiti (SBN 282790)

12

468 North Camden Drive

Beverly Hills, CA 90210

13

Telephone: (818) 532-6499

E-mail: jpafiti@pomlaw.com

14

15

**POMERANTZ LLP**

Jeremy A. Lieberman

16

J. Alexander Hood II

Marc C. Gorrie

17

600 Third Avenue, 20th Floor

New York, New York 10016

18

Telephone: 212-661-1100

Facsimile:  212-661-8665

19

20

**POMERANTZ LLP**

Patrick V. Dahlstrom

21

10 South LaSalle Street, Suite 3505

Chicago, IL 60603

22

Telephone: 312-377-1181

Facsimile:  312-377-1184

23

24

*Counsel for Movants and*

25

*Proposed Lead Counsel for the Class*

26

27

28

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/      *Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF POINTS AND AUTHORITIES

1