# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ROBERT FORD, | CV 16-00255 TJH (AFM) |
|     Plaintiff, | |
| v. | |
| NATURAL HEALTH TRENDS CORP., *et al.*, | Order |
|     Defendants. | |
| LIANGBIN LI, | CV 16-00309 TJH (AFM) |
|     Plaintiff, | |
| v. | |
| NATURAL HEALTH TRENDS CORP., *et al.*, | |
|     Defendants. | |

       This matter is before the Court on the joint stipulation of all movants regarding appointment of lead plaintiffs and approval of selection of counsel. The

1  Court, having read all relevant pleadings and papers that bear on the movants' joint
2  stipulation, and being fully informed, finds and concludes as follows:

3      WHEREAS, the above-captioned securities class actions (the "Securities Class
4  Actions") have been filed against Natural Health Trends Corp., *et al.* (collectively
5  "Defendants"), alleging claims under Sections 10(b) and 20(a) of the Securities
6  Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

7      WHEREAS, on March 28, 2016, all lead-plaintiff movants filed a joint
8  stipulation regarding the appointment of lead plaintiffs and approval of selection of
9  counsel, in which the movants agreed that the appropriate co-lead plaintiffs in these
10 cases should be movants Wang Juan ("Juan") and Manh Dao ("Dao") (who claim
11 combined losses of about $437,834.90), and collectively agreed to the selection of
12 The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP as co-lead counsel;

13     The Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, provides,
14 *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the person or
15 group of persons that has either filed a complaint or has made a motion in response
16 to a notice and has the largest financial interest in the relief sought by the Class and
17 makes a *prima facie* showing of adequacy and typicality under Fed. R. Civ. P. 23;

18     WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B) provides, *inter alia*, that as soon as
19 practicable after the decision on consolidation is rendered, the Court shall appoint
20 the most adequate plaintiff as lead plaintiff for the consolidated actions;

21     WHEREAS, Movants Juan and Dao have the largest financial interest in this
22 action and *prima facie* satisfy the typicality and adequacy requirements of Fed. R.
23 Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Therefore,

24     𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the cases be, and hereby are, 𝔆𝔬𝔫𝔰𝔬𝔩𝔦𝔡𝔞𝔱𝔢𝔡.

25     𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Movants Juan and Dao be, and hereby are,
26 𝔄𝔭𝔭𝔬𝔦𝔫𝔱𝔢𝔡 as the Lead Plaintiffs.

1    **It is further Ordered** that The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP be, and hereby are, **Appointed** as Co-Lead Counsel.

**It is further Ordered** that Co-Lead Counsel shall manage the prosecution of this litigation. Co-Lead Counsel is to avoid duplicative or unproductive activities and are hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiffs and the putative Class.

**It is further Ordered** that *Robert Ford v. Natural Health Trends Corp., et al.*, CV 16-00225 TJH (AFM), shall be the lead case, and all future filing shall be in the lead case.

**It is further Ordered** that a consolidated complaint shall be filed, pursuant to this Order, by April 29, 2016.

Date: March 29, 2016

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**