# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ROBERT FORD, | CV 16-00255 TJH (AFM) |
|       Plaintiff, | |
|   v. | **AMENDED*** |
| NATURAL HEALTH TRENDS CORP., *et al.*, | Order |
|       Defendants. | |
| LIANGBIN LI, | CV 16-00309 TJH (AFM) |
|       Plaintiff, | |
|   v. | |
| NATURAL HEALTH TRENDS CORP., *et al.*, | |
|       Defendants. | |

       This matter is before the Court on the joint stipulation of all movants regarding appointment of lead plaintiffs and approval of selection of counsel. The

Court, having read all relevant pleadings and papers that bear on the movants' joint stipulation, and being fully informed, finds and concludes as follows:

WHEREAS, the above-captioned securities class actions (the "Securities Class Actions") have been filed against Natural Health Trends Corp., *et al.* (collectively "Defendants"), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder;

WHEREAS, on March 28, 2016, all lead-plaintiff movants filed a joint stipulation regarding the appointment of lead plaintiffs and approval of selection of counsel, in which the movants agreed that the appropriate co-lead plaintiffs in these cases should be movants Wang Juan ("Juan") and Manh Dao ("Dao") (who claim combined losses of about $437,834.90), and collectively agreed to the selection of The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP as co-lead counsel;

The Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, provides, *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and makes a *prima facie* showing of adequacy and typicality under Fed. R. Civ. P. 23;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B) provides, *inter alia*, that as soon as practicable after the decision on consolidation is rendered, the Court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions;

WHEREAS, Movants Juan and Dao have the largest financial interest in this action and *prima facie* satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Therefore,

It is Ordered that the cases be, and hereby are, Consolidated.

It is further Ordered that Movants Juan and Dao be, and hereby are, Appointed as the Lead Plaintiffs.

1 **It is further Ordered** that The Rosen Law Firm, P.A. and Levi & Korsinsky, LLP be, and hereby are, **Appointed** as Co-Lead Counsel.

**It is further Ordered** that Co-Lead Counsel shall manage the prosecution of this litigation. Co-Lead Counsel is to avoid duplicative or unproductive activities and are hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiffs and the putative Class.

**It is further Ordered** that *Robert Ford v. Natural Health Trends Corp., et al.*, CV 16-00255 TJH (AFM), shall be the lead case, and all future filing shall be in the lead case.

**It is further Ordered** that a consolidated complaint shall be filed, pursuant to this Order, by April 29, 2016.

Date: March 29, 2016

_____
**Terry J. Hatter, Jr.
Senior United States District Judge**

\* Order Amended as to page 3, line 12: CV 16-00225 corrected to CV 16-00255.