1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

11

12    ROBERT FORD, *et al.*,                CV 16-255 TJH (AFMx)

13                          Plaintiffs,

14            v.                                    Order

15    NATURAL HEALTH TRENDS
      CORPORATION, *et al.*,                  [47,49,53]
16
                          Defendants.
17

18        The Court has considered Defendants' motion to dismiss the consolidated class

19    action complaint ["CAC"], Defendants' request for judicial notice, Plaintiffs' motion

20    to strike, and Defendants' request for oral argument, together with the moving and

21    opposing papers.

22        Defendants in this action are Natural Health Trends Corporation ["NHTC"];

23    Chris T. Sharng, NHTC's President and Director; Timothy S. Davidson, NHTC's

24    Chief Financial Officer, Senior Vice President, and Corporate Secretary; and George

25    K. Broady, NHTC's Director and 30.4% shareholder.  Plaintiffs are individuals who

26    purchased NHTC stock between March 6, 2015 and March 15, 2016 [the "Class

27    Period"].  This securities fraud action is based on alleged omissions in statements and

28    disclosures regarding NHTC's compliance with Chinese law.

**Defendants' Request for Judicial Notice and Ford's Motion to Strike**

Defendants request that the Court take judicial notice of various exhibits. "Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotations omitted). Further, the Court can take judicial notice of things that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, the Court will take judicial notice of Exhibits 1, 3, 4 (SEC filings); and Exhibits 9, 10, and 13 (articles and press releases cited in the CAC). The Court cannot take judicial notice of Exhibit 2 (earning call transcript); Exhibits 5, 6, and 8 (news reports); Exhibits 7, 11, 12, and 14 (screen shots of websites); and Exhibit 15 (an article on Chinese law).

Ford moves to strike "facts and arguments derived from" various exhibits to Defendants' motion to dismiss. However, only pleadings are subject to motions to strike. *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Because a motion to dismiss is not a pleading, *see* Fed. R. Civ. P. 7(a), Ford's motion to strike fails.

**Defendants' Motion to Dismiss**

Plaintiffs assert the following claims: (1) Violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5; and (2) Violation of § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a).

To successfully oppose this motion to dismiss, Plaintiffs must satisfy the heightened pleading requirements pronounced in the Private Securities Litigation Reform Act of 1995 ["PSLRA"]. *See In re NVIDIA Corp. Secs. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014).

Defendants' argue that the CAC does not sufficiently allege falsity. To sufficiently allege falsity, "the complaint must specify each statement alleged to have

been misleading, and the reason or reasons why the statement is misleading." *Reese v. Malone*, 747 F.3d 557, 568 (9th Cir. 2014).   The CAC meets this burden.   The CAC alleged that Defendants made a number of statements in SEC filings and during earnings calls expressly, and impliedly, claiming that NHTC was compliant with Chinese law when, as alleged, NHTC was not compliant with Chinese law.   Further, each alleged statement was followed by an explanation as to why the statement was misleading.   For example, the CAC alleged that NHTC stated that "[p]urchasers of our products in China . . . may purchase only for their own personal consumption and not for resale." The CAC, then, explained that this statement "informed investors that (a) [NHTC] did not pay any commissions for downline sales in China; (b) [NHTC] did not engage in any direct selling in China; and (c) because of (a) and (b), [NHTC] did not violate Chinese law.   In fact . . . [NHTC] did pay commissions for downline sales in China, [NHTC] did engage in direct selling in China, and for these and other reasons, [NHTC] did violate Chinese law.   Accordingly, the CAC sufficiently pled falsity.

Next, Defendants argue that the CAC insufficiently pled scienter.   To state a claim for violation of § 10(b), Plaintiffs must state, with particularity, the facts giving rise to a strong inference that Defendants acted with the requisite state of mind, *i.e.*, scienter.   15 U.S.C. § 78u-4(b)(2)(A).   In determining whether the pled facts give rise to a strong inference of scienter, the Court must consider plausible opposing inferences. *See In re NVIDIA*, 768 F.3d at 1052.   In the Ninth Circuit, alleged facts that demonstrate deliberate recklessness will satisfy the scienter requirement.   *See In re NVIDIA Corp.*, 768 F.3d at 1053.   Therefore, Plaintiffs who allege deliberate recklessness must set forth facts that demonstrate "a highly unreasonable omission involving an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to [Defendants] or is so obvious that [Defendants] must have been aware of it." *See In re NVIDIA Corp.*, 768 F.3d at 1053.

In considering whether the alleged facts are sufficient to create a strong inference

of scienter, the Court must, first, determine whether any of the allegations, standing alone, are sufficient to create a strong inference of scienter. *See In re NVIDIA Corp.*, 768 F.3d at 1056. If none of the alleged facts are sufficient standing alone, the Court must, then, consider the allegations holistically to determine whether the facts create a strong inference of scienter when taken together. *See In re NVIDIA Corp.*, 768 F.3d at 1056.

Here, it is unclear if any of Plaintiffs' allegations, standing alone, are sufficient to create a strong inference of scienter, including deliberate recklessness, to sufficiently state a claim for violation of § 10(b). *See In re NVIDIA Corp.*, 768 F.3d at 1056. By contrast, when the allegations are taken together, they create a strong, cogent inference of scienter that is just as compelling — if not more compelling — than any competing nonculpable inference. *See In re NVIDIA Corp.*, 768 F.3d at 1056. For instance, the CAC pled a strong inference that Defendants' statements were intentionally or deliberately reckless because they claimed that NHTC was compliant with Chinese law at a time when NHTC's alleged commitment to the Chinese market would have made the alleged violations of Chinese law "so obvious that [Defendants] must have been aware of it." *See In re NVIDIA Corp.*, 768 F.3d at 1053.

Moreover, the CAC sufficiently pled scienter because this inference is at least as compelling as the opposing inference that Defendants made the alleged statements believing that NHTC was shielded from liability under Chinese law because it, *inter alia*, sought to pay its Members in China through a bank in Hong Kong and it deemed the actions of its Members in mainland China to be independent decisions by those Members, and that — to the extent there were violations under Chinese law — NHTC disclosed those risks to investors. *See Tellabs, Inc.*, 551 U.S. at 324.

Where, as here, a complaint relies on statements from confidential witnesses, it must pass two hurdles to satisfy the PSLRA pleading requirements. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009). First, the confidential witness's statements must be alleged with sufficient particularity in the complaint to

1   establish the witness's reliability and personal knowledge. *Zucco Partners, LLC*, 552

2   F.3d at 995.  The CAC meets this burden by describing the witnesses — nine NHTC

3   "Members," *i.e.* independent salespersons, and two former employees — by

4   "number[ing] each witness and describ[ing] his or her job description and

5   responsibilities." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1016 (9th Cir. 2005).

6       Second, the confidential witness's statements alleged in the complaint must

7   indicate sufficient reliability and personal knowledge, such that the statements,

8   themselves, are indicative of state of mind.  *Zucco Partners, LLC*, 552 F.3d at 995.

9   The allegations, here, are sufficiently indicative of the required state of mind.  Each

10  confidential witness, allegedly, attested to violations of Chinese law by NHTC, which,

11  in turn, indicates the widespread — and therefore obvious— nature of NHTC's alleged

12  violations.   These statements, thus, support the contention that Defendants were

13  deliberately reckless because the alleged violations of Chinese law were "so obvious

14  that [Defendants] must have been aware of it."  *See In re NVIDIA Corp.*, 768 F.3d at

15  1053.

16      Defendants' further argue that Plaintiffs' claims under § 20 must be dismissed

17  because the CAC failed to allege a primary violation of § 10(b).  *See Paracor Fin., Inc.*

18  *v. General Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996).  As discussed

19  above, the CAC adequately pled a primary violation of securities laws under Rule 10b-

20  5.  Accordingly, Defendants' motion with respect to § 20 of the Securities Exchange

21  Act of 1934 fails.

22

23      Therefore,

24      It is Ordered that Defendants' request for judicial notice be, and hereby is,

25  Granted as to Exhibits 1, 3, 4, 9, 10, and 13, and Denied as to Exhibits 2, 5, 6 , 7,

26  8, 11, 12, 14, and 15.

27      It is further Ordered that Plaintiffs' motion to strike be, and hereby is,

28  Denied.

It is further Ordered that Defendants' motion to dismiss be, and hereby is, Denied.

It is further Ordered that Defendants' request for oral argument be, and hereby is, Denied as moot.

Date: December 5, 2016

Terry J. Hatter, Jr.
Senior United States District Judge