EXECUTION

LEVI & KORSINSKY LLP
Adam C. McCall (SBN 302130)
Email: amccall@zlk.com
445 South Figueroa Street, 31st Fl.
Los Angeles, CA 90071
Telephone:  (213) 985-7290
Facsimile:  (202) 333-2121

*Co-Lead Counsel for Lead Plaintiffs*
[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ROBERT FORD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) No. 2:16-cv-00255-TJH-AFM ) |
| Plaintiff, | ) CLASS ACTION ) |
| vs. | ) **STIPULATION OF SETTLEMENT** ) |
| NATURAL HEALTH TRENDS CORP., CHRIS T. SHARNG, and TIMOTHY S. DAVIDSON, | ) ) ) ) |
| Defendants. | ) ) |

EXECUTION

**THIS STIPULATION OF SETTLEMENT,** dated October 2, 2017, is made and entered into by and among the following Settling Parties to this Litigation: (i) Lead Plaintiffs Wang Juan and Manh Dao and Plaintiffs Aboghassem Tehrani and Tony A Tran (collectively, "Plaintiffs") (on behalf of themselves and all Members of the Settlement Class), by and through counsel of record in the Litigation; and (ii) Defendants Natural Health Trends Corp. ("NHTC"), Chris T. Sharng, Timothy S. Davidson and George K. Broady, by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, release, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On January 12, 2016, a putative class action complaint styled *Ford v. Natural Health Trends Corp. et al.*, was filed against Defendants for claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

On January 14, 2016, a second putative class action complaint styled *Li v. Natural Health Trends Corp. et al.*, was filed against Defendants for claims under Sections 10(b) and 20(a) of the Exchange Act.

On March 29, 2016, the Court consolidated the two actions, appointed Wang Juan and Manh Dao as lead plaintiffs, and approved the selection of Levi & Korsinsky, LLP and The Rosen Law Firm, P.A. as co-lead counsel for the putative class.  (ECF No. 27.)

Plaintiffs filed the Consolidated Class Action Complaint (the "Consolidated Complaint") (ECF No. 32) on April 29, 2016.  The Consolidated Complaint alleges claims arising from statements concerning NHTC's business in China and compliance with Chinese laws, between March 6, 2015 and March 15, 2016.

EXECUTION

On June 15, 2016, Defendants filed a Motion to Dismiss, which Plaintiffs opposed.  On December 5, 2016, the Court denied Defendants' Motion to Dismiss. (ECF No. 66.)

Following the denial of Defendants' Motion to Dismiss, counsel for the Parties held a discovery conference on January 5, 2017.  At or around this time, Defendants requested an extension of their deadline to answer the Consolidated Complaint, and the Parties so stipulated.  On February 3, 2017, the Court entered an order instructing Defendants to answer the Consolidated Complaint on or before February 17, 2017, and instructing the Parties to exchange initial disclosures pursuant to Rule 26(a)(1) on or before February 24, 2107.  (ECF No. 78.)

In accordance with the Court's Order, on February 17, 2017, Defendants filed and served their Answer to the Consolidated Complaint (ECF No. 79), denying the material allegations in the Consolidated Complaint and asserting a number of affirmative defenses.

The Parties exchanged initial disclosures on February 24, 2017, and thereafter engaged in document discovery, exchanging demands and responses to requests for production and interrogatories.

On or around June 22, 2017, in advance of Plaintiffs' deadline for filing a motion for class certification, the Parties began negotiating a potential resolution of the case.  These negotiations prompted the Parties to jointly submit a stipulation to the Court on June 29, 2017, seeking to extend various case management deadlines pending settlement discussions.  On July 10, 2017, the Court granted the Parties' stipulation, and stayed the Litigation for thirty (30) days.  (ECF No. 87.)

The Parties continued thereafter to engage in settlement discussions.  On or around July 18, 2017, the Parties agreed upon a settlement in principle.  Thereafter, they promptly notified the Court of their tentative agreement and requested the Court to stay all pending deadlines to allow them time to negotiate and submit a

EXECUTION

written settlement agreement and motion for preliminary approval of a class action settlement.  On July 25, 2017, the Court granted the request and stayed all deadlines for a period of sixty (60) days.  (ECF No. 89.)

## II.   CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof, and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Plaintiffs and Co-Lead Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants believe that the claims asserted in the Litigation are completely without merit.  Defendants have denied and continue to deny any and all wrongdoing whatsoever and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Defendants have denied, and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation and deny that they have committed any of the wrongful acts or violations of law alleged in the Consolidated Complaint, including that they made any material misrepresentations or omissions.  Defendants deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or

EXECUTION

omissions alleged, or that could have been alleged, in the Litigation.  Defendants also deny, among other things, the allegations that the Plaintiffs or the Settlement Class have suffered damages or were harmed in any way by the conduct alleged in the Consolidated Complaint or its predecessor complaints.  In addition, Defendants believe that they have meritorious defenses to all claims alleged in the Litigation. Nonetheless, Defendants have agreed to enter into the Settlement to avoid the expense, distraction, and time associated with continuing the Litigation. Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Nothing in this Stipulation shall be construed or deemed to be an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever, or with respect to the validity of the defenses that Defendants have asserted or may assert.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, on behalf of themselves and all Settlement Class Members, and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), the Litigation, the Released Claims, and all matters encompassed within the scope of the releases set forth herein shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows:

### DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

EXECUTION

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any Settlement Class Member who files a Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means Strategic Claims Services.

1.4    "Co-Lead Counsel" means Levi & Korsinsky, LLP and The Rosen Law Firm, P.A.

1.5    "Consolidated Complaint" means the Consolidated Class Action Complaint filed in the Litigation on April 29, 2016, ECF No. 32.

1.6    "Court" means the United States District Court for the Central District of California.

1.7    "Defendants" means Natural Health Trends Corp., Chris T. Sharng, Timothy S. Davidson, and George K. Broady.

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 9.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Account" means the interest-bearing account controlled by the Escrow Agent.

1.10   "Escrow Agent" means The Rosen Law Firm, P.A.

1.11   "Fee and Expense Application" means the application or applications Co-Lead Counsel may submit for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.

1.12 "Fee and Expense Award" means the order of the Court authorizing the payment from the Settlement Fund of Co-Lead Counsel's attorneys' fees and expenses if and to the extent allowed by the Court.

1.13 "Final" means the time when any judgment or order, including the Judgment, has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because: (i) no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (ii) an appeal has been filed and the court of appeals has either affirmed the underlying order or judgment in its entirety or dismissed that appeal, and the time for any reconsideration or further appellate review has passed; or (iii) the Supreme Court has either denied review or granted review and either affirmed the underlying order or judgment in its entirety, or affirmed the court of appeals' decision affirming the order or judgment in its entirety or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses, the Plan of Allocation of the Settlement Fund, the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants. Any appeal or proceeding relating solely to one or more of these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.14 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, whether the Settlement Class should be certified for purposes of effectuating the Settlement, and whether the Court should enter a Judgment approving the proposed Settlement.

EXECUTION

1    1.15   "Individual Defendants" means Chris T. Sharng, Timothy S. Davidson,
2    and George K. Broady.

3    1.16   "Judgment" means the Final Judgment and Order of Dismissal with
4    Prejudice to be rendered by the Court, in the form attached hereto as Exhibit B, or
5    such other substantially similar form agreed to by the Parties and approved by the
6    Court.

7    1.17   "Litigation" and "Action" both mean and refer to this proceeding,
8    *Ford v. Natural Health Trends Corp. et al.*, Case No. 2:16-cv-00255-TJH-AFM,
9    pending in this Court, including, without limitation, all cases consolidated under
10   that caption.

11   1.18   "Net Settlement Fund" means the Settlement Fund less (i) any Fee and
12   Expense Award; (ii) Notice and Administration Costs; (iii) Taxes and Tax
13   Expenses; and (iv) other Court-approved deductions.

14   1.19   "NHTC" means Defendant Natural Health Trends Corp.

15   1.20   "Notice" means the Notice of Proposed Class Action Settlement, in the
16   form annexed hereto as Exhibit A-1 to the Preliminary Approval Order, or such
17   other substantially similar form agreed to by the Settling Parties and approved by
18   the Court.

19   1.21   "Notice and Administration Costs" means the reasonable costs and
20   expenses that are actually incurred in connection with (i) providing notice of the
21   Settlement to the Settlement Class; (ii) locating Settlement Class Members;
22   (iii) assisting with the filing of claims; (iv) processing Proof of Claim and Release
23   forms; (v) administering and distributing the Net Settlement Fund to Authorized
24   Claimants; and (vi) paying escrow fees and costs, if any.

25   1.22   "Party" or "Parties" means individually or collectively, as the context
26   requires, Plaintiffs and the Defendants.

27

28

1.23 "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal, business or political entity.

1.24 "Plaintiffs" means and includes Wang Juan and Manh Dao, appointed as Co-Lead Plaintiffs by Order of the Court dated March 29, 2016 (ECF No. 27), and Plaintiffs Aboghassem Tehrani and Tony A Tran.

1.25 "Plan of Allocation" means a plan or formula for allocation of the Net Settlement Fund to be approved by the Court, which plan or formula will govern the distribution of the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and Released Persons shall have no responsibility for the Plan of Allocation or its implementation and no liability with respect thereto. Any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment or any other orders entered by the Court pursuant to this Stipulation.

1.26 "Preliminary Approval Order" means the [Proposed] Order Granting Preliminary Approval of Settlement and Directing Dissemination of Notice to Settlement Class, in the form annexed hereto as Exhibit A, or such other substantially similar form agreed to by the Settling Parties, as entered by the Court.

1.27 "Proof of Claim and Release" means a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release, submitted as required under ¶ 7.3 herein.

1.28 "Related Persons" means any of a Person's affiliates, parents, subsidiaries and divisions, and each of their or the Person's past, present or future directors, officers, employees, partners, members, principals, agents, owners,

EXECUTION

fiduciaries, shareholders, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, predecessors, successors, assigns, joint ventures, spouses, immediate family members, heirs, executors, and any trust of which a Person is the trustee or settlor or which is for the benefit of the Person or his or her family.

1.29 "Released Claims" means any and all claims (including Unknown Claims as defined in ¶ 1.42 hereof), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings, issues, judgments, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary or otherwise; restitution; rescission; interest; attorneys' fees; expert or consulting fees; and any other costs, expenses, charges, or liability whatsoever), whether based on federal, state, local, statutory, common, administrative, or foreign law or any other law, rule or regulation, or at equity, whether known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, choate or inchoate, accrued or unaccrued, matured or unmatured, at law or in equity, whether class, derivative, or individual in nature, which now exist or heretofore have existed or have been or could have been asserted in any forum, whether foreign or domestic, by Plaintiffs or any Settlement Class Member, or any Person claiming through or on behalf of any of them, against any of the Released Persons based upon, arising out of, or relating in any way to the claims, allegations, acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions that are, were, or could have been alleged in the Litigation. Expressly excluded from Released Claims are: (i) the matters set forth in ¶ 6.5 of this Stipulation; and (ii) the shareholder derivative claims asserted in

EXECUTION

*Zhou v. Sharng et al.* and *Kleinfeldt v. Sharng et al.*, pending in the Superior Court of the State of California, County of Los Angeles, and the United States District Court for the Central District of California, respectively.

1.30 "Released Persons" means each and all of the Defendants and their respective Related Persons.

1.31 "Settlement" means the settlement between Plaintiffs, on behalf of themselves and all Settlement Class Members, and Defendants on the terms set forth in this Stipulation.

1.32 "Settlement Amount" means One Million Seven Hundred Fifty Thousand Dollars ($1,750,000).

1.33 "Settlement Class" and "Settlement Class Members" mean and include, for purposes of this Settlement, and to be certified pursuant to Fed. R. Civ. P. 23 for purposes of effectuating this Settlement only: all Persons who purchased NHTC securities between March 6, 2015 and March 15, 2016, inclusive, and who were damaged thereby, including Plaintiffs. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of NHTC; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his benefit and/or that of any member of his immediate family; and the legal representatives, heirs, or successors-in-interest of NHTC and the Individual Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in the Notice.

1.34 "Settlement Class Period" means the period between March 6, 2015 and March 15, 2016, inclusive.

1.35 "Settlement Fund" means the Settlement Amount, plus any accrued interest earned thereon.

1      1.36   "Settling Parties" means, collectively, Defendants and Plaintiffs on

2  behalf of themselves and all Settlement Class Members.

3      1.37   "Stipulation" means this Stipulation of Settlement, including the

4  recitals and Exhibits hereto, each of which is incorporated by reference as though

5  set forth in the Stipulation itself.

6      1.38   "Summary Notice" means the summary notice describing the

7  Settlement of the Litigation and the Final Approval Hearing, in the form annexed

8  hereto as Exhibit A-3 to the Preliminary Approval Order, or such other substantially

9  similar form agreed to by the Settling Parties and approved by the Court.

10     1.39   "Supplemental Agreement" means the confidential agreement

11  described in ¶ 9.5 of this Stipulation.

12     1.40   "Taxes" means all federal, state and local taxes of any kind (including

13  any estimated taxes, interest or penalties) arising with respect to the income earned

14  by the Settlement Fund, including any taxes or tax detriments that may be imposed

15  upon Defendants or their counsel with respect to any income earned on the

16  Settlement Fund for any period during which the Settlement Fund does not qualify

17  as a "Qualified Settlement Fund" for federal or state income tax purposes.

18     1.41   "Tax Expenses" means any expenses and costs incurred in connection

19  with the calculation and payment of Taxes or the preparation of tax returns and

20  related documents including, without limitation, expenses of tax attorneys and/or

21  accountants and mailing and distribution costs and expenses relating to filing (or

22  failing to file) the returns described in ¶ 2.9.

23     1.42   "Unknown Claims" means any and all claims, debts, demands,

24  obligations, disputes, rights, issues, controversies, causes of action, suits, matters,

25  damages, or liabilities of every kind, nature, description and character whatsoever

26  that Plaintiffs and/or any Settlement Class Member does not know or suspect to

27  exist in his, her, or its favor at the time this Stipulation or the Judgment is entered

28

which, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decision: (i) not to object to this Settlement; (ii) not to exclude himself, herself, or itself from the Settlement Class; or (iii) to release the Released Claims.  Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims.  Nevertheless, upon the Effective Date, Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, whether known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, choate or inchoate, accrued or unaccrued, matured or unmatured, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have waived and relinquished, and by operation of the Judgment shall have waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542, which provides:

EXECUTION

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

## THE SETTLEMENT

### The Settlement Fund

2.1     In consideration of the terms of this Stipulation, and in full settlement of all Released Claims against all Released Persons, NHTC shall pay or cause to be paid the Settlement Amount to a separate, interest-bearing escrow account designated and controlled by the Claims Administrator on behalf of Plaintiffs and the Settlement Class no later than twenty-one (21) days after both of the following have taken place: (a) the Court has entered the Preliminary Approval Order granting preliminary approval of the Settlement; and (b) NHTC's counsel have received from Co-Lead Counsel a Form W-9 providing the tax identification number for the escrow account.  No other Defendant or Released Person shall be responsible for any payments of any kind under this Stipulation.

2.2     The payments described in ¶ 2.1 are the only payments to be made by or on behalf of Defendants in connection with this Settlement.  All fees, costs, and expenses incurred by or on behalf of Plaintiffs and Settlement Class Members associated with this Settlement, including, but not limited to, Taxes, Tax Expenses, Notice and Administration Costs, and any Fee and Expense Award shall be paid

EXECUTION

from the Settlement Fund, and in no event shall Released Persons bear any responsibility or liability for any such fees, costs, or expenses.

2.3     This is not a claims-made settlement.   Upon the occurrence of the Effective Date, neither NHTC nor any other Person that paid any portion of the Settlement Fund on Defendants' behalf shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.   In no instance shall NHTC (or any other Defendant or Released Person) be required to pay any amount in excess of the Settlement Amount.

### *The Escrow Agent*

2.4     The Escrow Agent shall invest the Settlement Amount(s) deposited pursuant to ¶ 2.1 hereof in short-term United States agency or other Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.   All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to any investment decisions or actions taken, or any transactions executed, by the Escrow Agent.

2.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.6     Subject to further order and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

EXECUTION

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.8    Without further order of the Court, the Settlement Fund may be used by Co-Lead Counsel to pay Notice and Administration Costs actually incurred consistent with this Stipulation and ¶ 18 of the Preliminary Approval Order in a cumulative amount not to exceed $150,000.

***Taxes***

2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to timely occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.9(a) hereof) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the

Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9(c) hereof.

    (c)  All Taxes and Tax Expenses shall be paid out of the Settlement Fund; in no event shall any Released Person, their counsel, or their insurers have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). In all events neither Defendants nor their counsel and insurers, nor any other Released Person, shall have any responsibility for or liability whatsoever with respect to any Taxes or Tax Expenses or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

### *Termination of the Settlement*

  2.10 In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective or Final for any reason, the Settlement Amount, including accrued interest, less any Notice and Administration Costs,

EXECUTION

Taxes, and Tax Expenses paid, incurred or due and owing shall be refunded to such Persons that paid the Settlement Amount(s) in accordance with ¶¶ 8.3 and 9.6 herein.

**PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING**

3.1 Promptly after execution of the Stipulation, Co-Lead Counsel shall submit the Stipulation together with its Exhibits to the Court, and Co-Lead Counsel shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in the Stipulation; approval for mailing the Notice, in the form of Exhibit A-1 attached hereto, or such other substantially similar form agreed to by the Parties and approved by the Court; and publication of the Summary Notice, in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Settling Parties and approved by the Court.

3.2 Lead Counsel shall request that, after notice is given, the Court hold a Final Approval Hearing to consider and determine, among other things, whether to approve the Settlement pursuant to the terms of this Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement and dismissing the Litigation with prejudice. At or after the Final Approval Hearing, Co-Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**CERTIFICATION OF THE SETTLEMENT CLASS**

4.1 For purposes of this Settlement only, and subject to approval by the Court, the Settling Parties stipulate to: (i) certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

EXECUTION

(ii) appointment of Plaintiffs as the class representatives for the Settlement Class; and (iii) appointment of Co-Lead Counsel as counsel to the Settlement Class.

4.2     Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for purposes of the Settlement.  If this Stipulation is terminated, the Settlement is not approved by the Court, or the Effective Date does not occur for any reason, any certification of the Settlement Class will be null and void and the Litigation shall proceed as if the Settlement Class had never been certified.  Defendants expressly reserve all rights and grounds to oppose class certification in the event the Settlement is terminated or the Effective Date does not occur for any reason.

**REQUESTS FOR EXCLUSION**

5.1     Settlement Class Members requesting exclusion from the Settlement Class shall be requested to provide certain information in the manner described in the Settlement Notice.  Any request for exclusion must also be signed by the Person requesting exclusion.

5.2     All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. The deadline for submitting requests for exclusion shall be set by the Court, but shall be no later than twenty-one (21) calendar days before the Final Approval Hearing.  Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court.

5.3     Copies of all requests for exclusion received by the Claims Administrator, Co-Lead Counsel and counsel for Defendants, together with copies of all written revocations of requests for exclusion, shall be delivered to counsel for all Parties within five (5) calendar days of receipt and in no event later than fourteen (14) calendar days before the Final Approval Hearing.

## **RELEASES**

6.1    The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims.

6.2    Upon the Effective Date, Plaintiffs and all other Settlement Class Members, each of their respective Related Persons, and all other Persons who have or claim the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application.

6.3    Upon the Effective Date, Plaintiffs, all Settlement Class Members and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons; provided, however, that nothing herein shall in any way restrict or impair the rights of any Settling Party to enforce the terms of the Stipulation and Settlement.

6.4    Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

EXECUTION

relinquished, and discharged Plaintiffs, Settlement Class Members, Co-Lead Counsel and their respective Related Persons from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims; provided, however, that nothing herein shall in any way restrict or impair the rights of any Defendant or other Released Person to enforce the terms of the Stipulation and Settlement.

6.5    Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants with respect to their insurers and/or the insurers' Related Persons, including, but not limited to, any rights or claims under any directors' and officers' liability insurance or other applicable insurance coverage maintained by NHTC.

**ADMINISTRATION AND CALCULATION OF CLAIMS AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND**

7.1    The Claims Administrator, subject to such supervision and direction of Co-Lead Counsel and the Court as may be necessary under the circumstances, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

7.2    The Settlement Fund shall be applied as follows:

(a)    To pay the Notice and Administrative Costs, including:

i.    Printing and mailing of the Notice and Proof of Claim and Release to the Settlement Class;

ii.    Publication of the Summary Notice;

iii.    The Claims Administrator's costs and fees for services performed in connection with the administration of the Settlement contemplated by this Stipulation;

iv.    Costs to reimburse brokers or nominees in connection with dissemination of the Notice to the Class;

v.    Fees and expenses reasonably and actually incurred in locating members of the Settlement Class;

(b)    To pay the fees and expenses reasonably and actually incurred in connection with assisting with the filing of claims and processing of Proofs of Claim and Releases;

(c)    To pay escrow fees and costs, if any;

(d)    To pay Taxes and Tax Expenses;

(e)    After the Judgment is Final, to pay the Fee and Expense Award; and

(f)    After the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation and Plan of Allocation, as approved by the Court.

7.3    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further orders of the Court as circumstances may warrant or require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following: Within one hundred ten (110) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.  All Proof of Claim and Release forms must be submitted by the date specified in the Notice, unless such period is extended by the Court.

7.4    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such

period described in ¶ 7.3 above, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims so long as distribution of the Net Settlement Fund is not materially delayed thereby.

7.5    The Claims Administrator shall calculate the Claims of Authorized Claimants, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.   Thereafter, any balance which still remains in the Net Settlement Fund shall be, subject to the payment of any additional previously unreimbursed Notice and Administration Costs, donated to an appropriate, non-profit 501(c)(3) charitable organization as determined by Co-Lead Counsel.

7.6    Defendants, their counsel, and their insurers shall have no role in, responsibility for, interest in, or liability with respect to any of the following: (i) any act, omission, or determination of Co-Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with administering the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the review, determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value

of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or filing of any returns.  No Person shall have any claim of any kind against any Released Person with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund, and Lead Plaintiff, all Settlement Class Members, and Co-Lead Counsel release all Released Persons from any and all liability arising from or with respect to the administration, investment, distribution, and/or supervision of the Settlement Fund.

7.7    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  It is further understood and agreed by the Settling Parties that any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

**CO-LEAD COUNSEL'S ATTORNEYS' FEES AND EXPENSES**

8.1    Co-Lead Counsel may submit the Fee and Expense Application for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court. Any Fee and Expense Award shall be payable solely from the Settlement Fund. Aside from payment of the Settlement Amount, no Defendant or any other Released

EXECUTION

Person shall have any obligation to pay any portion of Co-Lead Counsel's attorneys' fees or Litigation expenses or the Fee and Expense Award, and Defendants take no position with respect to Co-Lead Counsel's Fee and Expense Application.

8.2     The Fee and Expense Award, if and to the extent allowed by the Court, shall be paid to Co-Lead Counsel from the Settlement Fund upon the Court's entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or any appeal or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund as specified below in ¶ 8.3.  An award of attorneys' fees and/or expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation expenses.

8.3     If the Effective Date does not occur, or the Judgment is reversed or modified, or the Fee and Expense Award is reduced or reversed, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Co-Lead Counsel shall within seven (7) days after (a) receiving notice of termination of the Settlement from Defendants' Counsel or (b) any order reversing or modifying the Judgment or reducing or reversing the Fee and Expense Award has become Final, refund to the Settlement Fund the fees and expenses previously paid to Co-Lead Counsel from the Settlement Fund, plus interest thereon at the same rate as earned by the Settlement Fund, in an amount consistent with such termination, reversal or modification.  Co-Lead Counsel receiving fees and expenses agree as a condition of receiving such fees and expenses that they are subject to the jurisdiction of the

EXECUTION

Court for the purpose of enforcing this paragraph.  Each Co-Lead Counsel agrees that the Court may, upon application of Defendants and notice to Co-Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders and may make appropriate findings of or sanctions for contempt, should such law firm fail timely to repay fees and expenses pursuant to this ¶ 8.3.

8.4    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application or Award to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement and releases set forth herein.

8.5    The Released Persons shall have no responsibility for, or liability with respect to any Fee and Expense Application or the payment of any Fee and Expense Award to Co-Lead Counsel out of the Settlement Fund.  The Released Persons shall have no responsibility for, or liability with respect to, the allocation of any Fee and Expense Award among Co-Lead Counsel and/or any other Person who may assert some claim thereto, and the Released Persons take no position with respect thereto.

**CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

9.1    The Effective Date of this Stipulation shall be the date when all of the following shall have occurred and is conditioned on the occurrence of all of the following events:

(a)    Lead Counsel and Defendants' Counsel have executed this Stipulation and the Supplemental Agreement;

EXECUTION

(b)   The Court has entered the Preliminary Approval Order as described in ¶ 3.1 hereof;

(c)   NHTC has paid or caused to be paid into the Escrow Account the Settlement Amount as set forth in ¶ 2.1;

(d)   NHTC has not notified Co-Lead Counsel of its election to terminate the Settlement pursuant to ¶ 9.5 hereof or, if such election has been made, the resulting termination has been withdrawn pursuant to the terms of the Supplemental Agreement;

(e)   The Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties;

(f)   No Settling Party has given notice of its election to terminate the Settlement pursuant to ¶ 9.3, and the time for doing so has expired; and;

(g)   The Judgment has become Final, as defined in ¶ 1.13 hereof.

9.2   Upon the occurrence of all of the events referenced in ¶ 9.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 9.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 9.7 hereof unless Co-Lead Counsel and counsel for Defendants mutually agree in writing to otherwise proceed with the Stipulation.

9.3   Defendants and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so (a "Termination Notice") to all other Parties hereto within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by

the court of appeals or the Supreme Court.  However, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Co-Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

9.4    If the Settlement Fund payable pursuant to paragraph 2.1 of this Settlement Stipulation is not paid, then Plaintiffs, in their sole discretion, may either: (i) terminate the Settlement by providing written notice to all Parties; or (ii) enforce the terms of the Stipulation and seek a judgment effecting the terms of the Settlement set forth herein.  Failure of NHTC to cause the Settlement Fund to be paid shall not serve as a basis for any Defendant to terminate the Settlement.

9.5    If, prior to the Final Approval Hearing, the aggregate number of shares of NHTC Common Stock purchased by Persons who would otherwise be Settlement Class Members, but who, in accordance with the provisions in the Notice, timely and validly request exclusion from the Settlement Class, exceeds the sum specified in a separate supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), NHTC shall have the option (which option shall be exercised on behalf of all Defendants in its sole discretion) to terminate this Stipulation and the Settlement in accordance with the procedures set forth in the Supplemental Agreement, without providing any further reason for its decision to exercise its option to terminate.  For purposes of the Supplemental Agreement, any request for exclusion that results in the exclusion of the Settlement Class Member from the Settlement Class, by order of the Court or otherwise, shall be treated as timely and valid.  The Supplemental Agreement is confidential and will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises and, in that event, the Settling Parties shall request that the Supplemental Agreement be

EXECUTION

filed and maintained under seal.  In the event of a termination of the Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect.

9.6     Unless otherwise ordered by the Court, in the event the Stipulation is terminated or canceled, or the Effective Date fails to occur for any reason, then within seven (7) days after written notification of such event is sent by counsel for Defendants or Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any Notice and Administration Costs reasonably and actually incurred pursuant to ¶ 2.8 and Taxes and Tax Expenses that have been paid pursuant to ¶ 2.9 hereof, shall be refunded to the entity or entities that provided the funds, based on their *pro rata* contribution to the Settlement Fund, as indicated in writing to Co-Lead Counsel and the Escrow Agent by Defendants' counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, in a similar *pro rata* manner, pursuant to written instructions from Defendants' counsel.

9.7     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status and positions in the Litigation as of the date and time immediately prior to the execution of this Stipulation.   In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.5, 2.7-2.10, 4.2, 8.3, 9.6-9.8, 10.2-10.4, 11.3, and 11.13-11.14 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning

1  the Plan of Allocation or the amount of any Fee and Expense Award shall constitute

2  grounds for cancellation or termination of the Stipulation.

3    9.8    Notwithstanding any provision herein to the contrary, if the Effective

4  Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither

5  Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts

6  actually and properly disbursed pursuant to ¶¶ 2.8-2.9 hereof.  In addition, any

7  Notice and Administrative Costs, Taxes and Tax Expenses already incurred and

8  properly chargeable pursuant to ¶¶ 2.8-2.9 hereof at the time of such termination or

9  cancellation, but which have not been paid, shall be paid by the Escrow Agent in

10  accordance with the terms of the Stipulation prior to the balance being refunded in

11  accordance with ¶¶ 2.10 and 9.6 hereof.

12  ## NO ADMISSION OF WRONGDOING

13    10.1   The Settling Parties intend this Settlement to be a final and complete

14  resolution of all disputes between them with respect to the Litigation.   The

15  Settlement compromises claims that are contested and shall not be deemed an

16  admission by any Settling Party as to the merits of any claim or defense.   The

17  Judgment will contain a finding that, during the course of the Litigation, the Parties

18  and their respective counsel at all times complied with the requirements of Federal

19  Rule of Civil Procedure 11.   The Settling Parties agree that the terms of the

20  Settlement were negotiated in good faith and reflect a settlement that was reached

21  voluntarily after consultation with competent legal counsel.

22    10.2   Whether or not the Settlement is approved by the Court, and whether

23  or not the Settlement is consummated, the fact and terms of this Stipulation,

24  including its exhibits, all negotiations, discussions, drafts, and proceedings in

25  connection with this Settlement, and any act performed or document signed in

26  connection with the Settlement, shall not, in this or any other court, administrative

27  agency, arbitration forum, or other tribunal, constitute an admission of, or evidence

28

EXECUTION

of, or be deemed to create any inference of: (i) any acts of wrongdoing or lack thereof; (ii) any fault, misstatement, omission or liability on the part of any of the Defendants or the Released Persons to Plaintiffs, the Settlement Class, or anyone else; (iii) any deficiency of any claim or defense that has been or could have been asserted in the Litigation; or (iv) any damages, or lack of damages, suffered by Plaintiffs, the Settlement Class, or anyone else.

10.3   The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is not nor may be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; and (ii) is not nor may be deemed to be or used as an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

10.4   The Stipulation and the Settlement contained herein, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) shall not be construed against any Released Parties, Plaintiffs, or any other Settlement Class Member as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could or would have been recovered after trial; and (ii) shall not be construed as or admitted in evidence as an admission, concession, or presumption against Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount.

## **MISCELLANEOUS PROVISIONS**

11.1   The Settling Parties: (i) acknowledge that it is their intent to consummate this Settlement; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation;

1   and (iii) agree to exercise their reasonable best efforts to accomplish the foregoing

2   terms and conditions of the Stipulation.

3       11.2  Pending final determination of whether the Stipulation should be

4   approved, Co-Lead Counsel, Plaintiffs, and all Settlement Class Members are

5   barred and enjoined from commencing, maintaining or prosecuting any action

6   asserting any Released Claims against any Released Persons in any forum.

7       11.3  All agreements made and orders entered during the course of the

8   Litigation relating to the confidentiality of information shall survive this

9   Stipulation.

10      11.4  All of the Exhibits to the Stipulation are material and integral parts

11  hereof and are fully incorporated herein by this reference.

12      11.5  This Stipulation shall not be construed more strictly against one

13  Settling Party than another merely by virtue of the fact that it, or any part of it, may

14  have been prepared by counsel for one of the Settling Parties, it being recognized

15  that it is the result of arm's-length negotiations between the Settling Parties and that

16  all Settling Parties have contributed substantially and materially to the preparation

17  of this Stipulation.

18      11.6  The Stipulation may be amended or modified only by a written

19  instrument signed by or on behalf of all Settling Parties or their respective

20  successors-in-interest.

21      11.7  The Stipulation and the Exhibits attached hereto and the Supplemental

22  Agreement constitute the entire agreement among the Settling Parties, and no

23  representations, warranties, or inducements have been made to any Settling Party

24  concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than

25  the representations, warranties, and covenants contained and memorialized in such

26  documents.  Except as otherwise provided herein, each Settling Party shall bear its

27  own costs.

28

EXECUTION

11.8  Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that they deem appropriate.

11.9  Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that such Person has the full authority to do so.

11.10 The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

11.11 The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format.  All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

11.12 The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

11.13 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

11.14 The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's

EXECUTION

choice-of-law principles, except to the extent that federal law requires that federal law govern.

11.15 Pending approval by the Court of the Settlement, all proceedings in the Litigation shall be stayed.

11.16 The Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.17 If any Party is required to give notice to the other Parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission, or electronic mail. Notice shall be provided to the counsel indicated on the signature block below.

11.18 Within twenty-one (21) days following the Parties' execution of the Stipulation, and without any charge to Plaintiffs or the Settlement Class, NHTC shall provide such shareholder lists as may be within its possession, custody, or control, as appropriate for providing notice to the Class.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of October 2, 2017.

AGREED TO AND ACCEPTED, this 2nd day of October, 2017.

**LEVI & KORSINSKY, LLP**

By:  /s/ Nicholas I. Porritt
      Nicholas I. Porritt

EXECUTION

**THE ROSEN LAW FIRM, P.A.**

By:  /s/ Laurence Rosen
         Laurence Rosen

*Attorneys for Lead Plaintiffs
and Co-Lead Counsel for the Class*

AGREED TO AND ACCEPTED, this 2nd day of October, 2017.

**COOLEY LLP**

By:  /s/ Angela L. Dunning
         Angela L. Dunning

*Attorneys for Defendants*

EXECUTION

## **SIGNATURE ATTESTATION**

Under Section 2.f.4 of the Court's CM/ECF Administrative Policies, I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.


By: _s/ Adam C. McCall_____
Adam C. McCall