Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT FORD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) No. 2:16-cv-00255-TJH-AFM ) ) |
| Plaintiff, | ) CLASS ACTION ) |
| vs. | ) [PROPOSED] PRELIMINARY ) APPROVAL ORDER ) |
| NATURAL HEALTH TRENDS CORP., CHRIS T. SHARNG, and TIMOTHY S. DAVIDSON, | ) Date: October 30, 2017 ) Time: UNDER SUBMISSION ) Courtroom: 9B ) Hon. Terry J. Hatter, Jr. |
| Defendants. | ) |

Presented to the Court for preliminary approval is a proposed settlement of all claims asserted against all Defendants in the above-captioned action (the "Action"). The terms of the proposed Settlement are set out in a Stipulation of Settlement (the "Stipulation") executed by counsel for the Parties as of October 2, 2017. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court, having reviewing the Stipulation to determine, among other things, whether the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to Settlement Class Members, hereby ORDERS, ADJUDGES AND DECREES as follows:

**1.** **<u>Jurisdiction</u>.** The Court has jurisdiction over the subject matter of this Action, the proposed Settlement, and the Settling Parties, and retains jurisdiction to consider all claims, applications, requests for exclusion, requests to appear or objections arising out of or in connection with the proposed Settlement.

**2.** **<u>Preliminary Findings Concerning Proposed Settlement</u>.** The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious arm's-length and non-collusive negotiations between the Settling Parties; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Lead Plaintiffs Wang Juan and Manh Dao or Named Plaintiffs Abolghassem Tehrani and Tony A Tran (collectively, "Plaintiffs") or any other Settlement Class Members; and (v) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Fairness Hearing described below in ¶ 5. Accordingly, the Court hereby preliminarily approves the Stipulation and the proposed Settlement set forth therein, subject to further consideration at the Final Approval Hearing.

**3.** **<u>Settlement Class Defined</u>.** As defined in the Stipulation, "Settlement Class" and "Settlement Class Members" mean and include all Persons who

purchased NHTC securities between March 6, 2015 and March 15, 2016, inclusive, and who were damaged thereby, including Plaintiffs. Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of NHTC; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his benefit and/or that of any member of his immediate family; and the legal representatives, heirs, or successors-in-interest of NHTC and the Individual Defendants. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions provided in the Notice.

4. **<u>Preliminary Certification of Settlement Class.</u>** With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement only that (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the Action in this particular forum; and (iv) the likely difficulties in managing the Action. Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the Settlement Class, solely for the purposes of effectuating this Settlement, subject to further consideration at the Final Approval Hearing.

**5.** **Final Approval Hearing.** A hearing (the "Final Approval Hearing") will be held on _____, 2017 at __:__ __.m. before the Honorable Terry J. Hatter, Jr. in Courtroom 9B of the United States District Court for the Central District of California, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, to consider, among other things: (a) whether the proposed Settlement of the Action on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) whether to certify a Settlement Class for purposes of the Settlement; (c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (d) whether a Final Judgment and order of dismissal with prejudice substantially in the form of Exhibit B to the Stipulation should be entered in this Action; (e) whether to award Co-Lead Counsel attorneys' fees and expenses; (f) any Settlement Class Members' objections submitted in accordance with the Notice; and (g) such other matters as the Court may deem appropriate.

**6.** **Final Papers.** All opening briefs and supporting documents in support of final approval of the Settlement, approval of the Plan of Allocation, and an award of Co-Lead Counsel's attorneys' fees and expenses shall be filed with the Court and served no later than thirty-five (35) calendar days before the Final Fairness Hearing.

**7.** **Plaintiffs and Co-Lead Counsel.** Solely for purposes of the Stipulation and the Settlement, the Court appoints Plaintiffs as class representatives of the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and Co-Lead Counsel is appointed as class counsel. Co-Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of all Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

**8.** **Notice.** The Court approves the form, substance, and requirements of the Notice and Summary Notice (together, the "Notices") annexed to the Stipulation

as Exhibits A-1 and A-3, respectively, and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in ¶ 9 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to accurately describe the terms and effect of the Stipulation and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law. No Settlement Class Member will be relieved from the terms of the Settlement or the Judgment, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9. **Retention of Claims Administrator and Manner of Notice.** Co-Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure and the processing of claims under the supervision of Co-Lead Counsel as more fully set forth below:

(a) Not later than eighteen (18) calendar days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Notice, substantially in the form attached to the Stipulation as Exhibit A-1, to be sent to each Settlement Class Member who can be identified by reasonable effort. Such Notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Member's last known address.

(b) Not later than seven (7) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to

the Stipulation as Exhibit A-3, to be published on at least one occasion in *Investor's Business Daily* and published online on *GlobeNewswire*.

(c) Not later than thirty-five (35) days before the Final Fairness Hearing, Co-Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

**10. Nominee Purchasers.** Banks, brokerage firms, institutions, and other nominees who purchased NHTC securities for the beneficial interest of other Persons during the Settlement Class Period ("Nominee Purchasers") shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim and Release, either: (a) provide to the Claims Administrator the name and last known address of each Person for whom they purchased NHTC securities during the Settlement Class Period or (b) request that the Claims Administrator provide additional copies of the Notice and the Proof of Claim and Release form, which will be provided to them, and within ten (10) calendar days of receipt thereof mail the Notice and Proof of Claim and Release form directly to the beneficial owners of NHTC securities. If Nominee Purchasers choose to follow alternative procedure (b) herein, upon such mailing, they must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses of the beneficial owners for any future mailings. Upon receiving appropriate supporting documentation, Co-Lead Counsel and/or the Claims Administrator are authorized to reimburse Nominee Purchasers out of the Settlement Fund for their reasonable out-of-pocket postage and expenses (not to exceed $.75 per unit) incurred in mailing the Notice and the Proof of Claim and Release form to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such Notice and Proof of Claim and Release form, subject to further order of this Court with respect to any dispute concerning such compensation.

**11. CAFA Notice.** The Class Action Fairness Act of 1995, 28 U.S.C. § 1715 ("CAFA"), requires each defendant participating in a class action settlement to notify appropriate Federal and State officials of the proposed settlement within ten (10) calendar days after it is filed in court. Not later than thirty-five (35) days before the Final Approval Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

**12. Participation in the Net Settlement Fund.** Each Settlement Class Member who wishes to participate in recovery from the Net Settlement Fund must submit a valid and timely Proof of Claim and Release form to the Claims Administrator at the address indicated in the form and the Notice.

(a) To be valid and timely, a Proof of Claim and Release must be: (i) postmarked or actually received by the Claims Administrator no later than one hundred ten (110) calendar days from the Notice Date, which deadline may be further extended by Order of the Court; (ii) accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as may be deemed adequate by the Claims Administrator or Co-Lead Counsel; (iii) if the Person executing the Proof of Claim and Release is acting in a representative capacity, accompanied by a certification of his, her, or its current authority to act on behalf of the Settlement Class Member; (iv) complete, with no material deletions or modifications of any of the printed matter contained therein; and (v) signed under penalty of perjury.

(b) Once the Claims Administrator receives a timely Proof of Claim and Release, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely

submit a Proof of Claim and Release that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure any deficiency if it appears that such deficiency may be cured.

(c) By submitting a Proof of Claim and Release, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted.

(d) No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic. No dispute regarding a Proof of Claim and Release shall affect or delay the entry or finality of the Judgment or any alternative judgment approving the Settlement.

(e) Any Settlement Class Member who does not submit a timely and valid Proof of Claim and Release shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Settlement and the Judgment, including the releases provided for therein.

(f) Notwithstanding any provision in this paragraph to the contrary, Co-Lead Counsel may, in their discretion, accept late-submitted Proof of Claim and Release forms for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

**13. Exclusions from the Settlement Class.** Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Requests for exclusion must be signed by the Person seeking exclusion and must state: (i) the name, mailing address, daytime telephone number, and e-mail address (if any) of the Person seeking exclusion; (ii) each of the Person's purchases and sales of NHTC securities during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold; and (iii) that the Person specifically requests to be excluded from the Settlement Class in Ford v. Natural Health Trends Corp. *et al.*,

Case No. 2:16-cv-00255-TJH-AFM (C.D. Cal.). A request for exclusion shall not be effective unless it legibly provides the required information and is timely submitted to the Claims Administrator at the address provided in the Notice, or is otherwise accepted by the Court. To be timely, a request for exclusion must be sent to the Claims Administrator by first class mail and postmarked, or actually received if sent by some other means, no later than twenty-one (21) days before the Final Fairness Hearing or such other date as may be set by the Court. Co-Lead Counsel may contact any Person submitting a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not participate in the Settlement or share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action or the releases provided for therein.

**14. All Non-Excluded Settlement Class Members Bound.** Unless otherwise ordered by the Court, upon the Effective Date, all Settlement Class Members who have not timely and validly requested exclusion from the Settlement Class in accordance with ¶ 13 above shall be subject to and bound by the provisions of the Stipulation and the Judgment, the releases contained therein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Net Settlement Fund.

**15. Objections to Settlement.** Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or the Plan of Allocation, to any term of the Stipulation, or to the award to Co-Lead Counsel of attorneys' fees and expenses, must submit a written objection stating: (a) the objector's name, mailing address, daytime telephone number, and e-mail address (if

any); (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or an award of attorneys' fees and/or expenses and/or awards to Plaintiffs in <u>Ford v. Natural Health Trends Corp. *et al.*</u>, Case No. 2:16-cv-00255-TJH-AFM (C.D. Cal.); and (c) the reason(s), if any, for each such objection made. The objection should be accompanied by any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. In addition, the objection must be accompanied by documentation showing each of the objector's purchases and sales of NHTC securities during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold. The objector (or an attorney hired at his, her, or its expense) must file the objection and any supporting documentation with the Court and serve such objection and documentation on Co-Lead Counsel and Defendants' Counsel no later than twenty-one (21) calendar days before the Final Approval Hearing. The addresses for filing objections with the Court and service on counsel are as follows:

| Clerk of the Court<br>United States District Court<br>Central District of California, Western Division<br>First Street Federal Courthouse<br>350 W. 1st Street<br>Los Angeles, CA 90012 | Nicholas I. Porritt, Esq.<br>LEVI & KORSINSKY, LLP<br>1101 30th Street N.W., Suite 115<br>Washington, D.C. 20007<br><br>*Lead Counsel for the Class* | Angela L. Dunning, Esq.<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304<br><br>*Defendants' Counsel* |

Any Settlement Class Member or other Person who does not timely file and serve a written objection in accordance with this paragraph shall be deemed to have waived, and shall forever be foreclosed from making or raising, any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Co-Lead Counsel for their representation of the Settlement Class, and any untimely objection will be barred.

16. **Appearance at Final Approval Hearing.** Any objector who files and serves a timely, written objection in accordance with the instructions in ¶ 15 above and in this ¶ 16 may appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Final Approval Hearing, however, in order to have their objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Approval Hearing must indicate in their written objection (or in a separate writing filed and served in the same manner no later than twenty-one (21) calendar days before the Final Approval Hearing) that they intend to appear at the Final Approval Hearing and must identify any witnesses they may call to testify and any exhibits they intend to introduce into evidence. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, unless otherwise ordered by the Court.

17. **Service of Papers.** Defendants' Counsel and Co-Lead Counsel shall promptly furnish all Parties with copies of any and all objections, notices of intention to appear and requests for exclusion that come into their possession within five (5) calendar days of receipt, and in no event later than fourteen (14) calendar days before the Final Approval Hearing. Any replies, including any opposition or response by the Parties to objections, notices of intention to appear and requests for exclusion, shall be filed with the Court no later than seven (7) days before the Final Approval Hearing.

18. **Fees and Expenses.** All reasonable Notice and Administration Costs incurred in identifying and notifying Settlement Class Members and administering the Settlement shall be paid as set forth in the Stipulation. Following entry of this Order, Co-Lead Counsel may expend from the Settlement Fund up to $100,000.00 to pay Notice and Administration Costs actually incurred. After the Effective Date, additional amounts, up to Fifty Thousand Dollars ($50,000.00), may be paid from

the Settlement Fund for any necessary additional Notice and Administration Costs without further order of the Court, provided that all such expenses must be disclosed in Plaintiffs' motion for a Distribution Order.  Further, all Taxes and Tax Expenses shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or the Effective Date otherwise fails to occur for any reason, neither Plaintiffs nor Co-Lead Counsel shall have any obligation to repay the reasonable and necessary Notice and Administration Costs, Taxes and Tax Expenses actually paid, incurred or due and owing as of the date the Settlement is terminated (as such date is determined pursuant to the terms of the Stipulation).  At or after the Final Fairness Hearing, the Court shall determine whether the Plan of Allocation and Co-Lead Counsel's Fee and Expense Application should be approved.  Neither Defendants nor any other Released Person shall have any responsibility for any Plan of Allocation or Co-Lead Counsel's Fee and Expense Application or any Fee and Expense Award that may be entered by the Court, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any orders or proceedings relating to the Plan of Allocation or the award of attorneys' fees and/or expenses shall not operate to terminate or cancel the Stipulation or the Settlement or otherwise affect or delay approval of the Settlement or the finality of the Judgment.

**19.** **Jurisdiction Over Settlement Fund.** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they are distributed pursuant to the Stipulation or further order(s) of the Court.  Under no circumstances shall Co-Lead Counsel disburse any portion of the Settlement Fund before the Effective Date without an order of the Court, except as permitted by ¶ 18 of this Order.

**20.** **Bar on Litigating Settled Claims.** Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Settlement Class

Members, and anyone who acts or purports to act on their behalf, are hereby prohibited, barred and enjoined from instituting, prosecuting, participating in, or assisting in the institution, prosecution, or assertion of any Released Claim(s) against any of the Released Persons.

21. **Termination of Settlement.** If the Stipulation and the Settlement set forth therein is not approved or is terminated or the Effective Date does not occur for any other reason, the Stipulation and Settlement and all proceedings in connection therewith, including, without limitation, this Order (and its preliminary certification of the Settlement Class), shall be rendered null and void and shall be treated as vacated *nunc pro tunc*, except that any obligations or provisions relating to payment of Notice and Administration Costs and any other obligation or provision that is expressly designated in the Stipulation to survive termination of the Settlement shall survive such termination.

22. **Use of Order.** Neither this Order nor the Stipulation, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall constitute or be construed or used: (a) as an admission, concession, or presumption by or against Defendants or any of the Released Persons of any fault, wrongdoing, breach, or liability of any kind; or (b) as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have; (c) in any manner prohibited by ¶¶ 10.1–10.4 of the Stipulation.

23. **Stay.** All proceedings in this Action shall be stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24. **Continuance or Adjournment of Hearing.** The Court reserves the right to continue or adjourn the Final Approval Hearing from time to time without further notice to the Settlement Class. The Court may approve the Settlement, with

such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

SO ORDERED this \_\_\_\_ day of _____, 2017.

The Honorable Terry J. Hatter, Jr.
United States District Court Judge