1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

ROBERT FORD, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

              Plaintiff,

vs.

NATURAL HEALTH TRENDS CORP.,
CHRIS T. SHARNG, and TIMOTHY S.
DAVIDSON,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:16-cv-00255-TJH-AFMx

**FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH
PREJUDICE  [JS-6]**

**Hon. Terry J. Hatter, Jr.**
**Date:**
**Time:**
**Courtroom:   17**

This matter came before the Court for a hearing pursuant to the Order of this Court entered on November 16, 2017 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), executed as of October 2, 2017 and filed with the Court on that date. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Notice, publication of the Summary Notice, and compliance with 28 U.S.C. § 1715 in accordance with the Preliminary Approval Order. Due and adequate notice having thus been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES as follows:

**1.**     This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

**2.**     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a Settlement Class consisting of all Persons who purchased Natural Health Trends Corp. ("NHTC") securities between March 6, 2015, and March 15, 2016, inclusive, and who were damaged thereby, including the Class Representatives (defined in paragraph 3 below). Excluded from the Settlement Class are Defendants; members of the Defendants' immediate families; officers, directors, and subsidiaries of NHTC; any firm, entity, or corporation wholly owned by any Defendant and/or any member(s) of a Defendant's immediate family; any trust of which a Defendant is the settlor or which is for his benefit and/or that of any member of his immediate family; and the

legal representatives, heirs, or successors-in-interest of NHTC and the Individual Defendants. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class in accordance with the instructions provided in the Notice, listed on Exhibit 1 hereto, if any.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Wang Juan and Manh Dao and Named Plaintiffs Abolghassem Tehrani and Tony A Tran are appointed as the class representatives for the Settlement Class ("Class Representatives") and Co-Lead Counsel Levi & Korsinsky, LLP and The Rosen Law Firm, P.A. are appointed as counsel for the Settlement Class.

4. The Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Court-appointed Class Representatives are typical of the claims of the Settlement Class they represent; (d) Class Representatives and Co-Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members and will continue to do so; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the Action in this particular forum; and (iv) the likely difficulties in managing the Action. Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the Settlement Class, solely for the purposes of effectuating this Settlement.

**5.**     This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a)     constituted the best practicable notice to the Settlement Class Members under the circumstances;

(b)     were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the terms and effect of the Stipulation and the proposed Settlement of this class action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

(c)     were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

(d)     fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

**6.**     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Parties at arm's-length and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Parties and their counsel are hereby directed to

implement and consummate the Settlement in accordance with its terms and conditions.

7.	The Action and all Released Claims are **DISMISSED WITH PREJUDICE** in their entirety. The Parties shall bear their own costs, except as and to the extent provided in the Stipulation, this Final Judgment and Order ("Judgment"), or any other Order by this Court awarding attorneys' fees and expenses.

8.	In accordance with Paragraph 1.7 of the Stipulation, the term "Defendants" means NHTC, Chris T. Sharng, Timothy S. Davidson, and George K. Broady.

9.	In accordance with Paragraph 1.28 of the Stipulation, for purposes of this Judgment the term "Related Persons" means and includes any and all of a Person's affiliates, parents, subsidiaries and divisions, and each of their or a Person's past, present or future directors, officers, employees, partners, members, principals, agents, owners, fiduciaries, shareholders, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, predecessors, successors, assigns, joint ventures, spouses, immediate family members, heirs, executors, and any trust of which a Person is the trustee or settlor or which is for the benefit of the Person or his or her family.

10.	In accordance with Paragraph 1.30 of the Stipulation, for purposes of this Judgment the term "Released Persons" means and includes each and all of the Defendants and their respective Related Persons.

11.	In accordance with Paragraph 1.29 of the Stipulation, for purposes of this Final Judgment the term "Released Claims" means and includes any and all claims including Unknown Claims as defined below in paragraph 12), duties, debts, demands, rights, disputes, suits, matters, damages, losses, obligations, proceedings,

issues, judgments, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary or otherwise; restitution; rescission; interest; attorneys' fees; expert or consulting fees; and any other costs, expenses, charges, or liability whatsoever), whether based on federal, state, local, statutory, common, administrative, or foreign law or any other law, rule or regulation, or at equity, whether known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, choate or inchoate, accrued or unaccrued, matured or unmatured, at law or in equity, whether class, derivative, or individual in nature, which now exist or heretofore have existed or have been or could have been asserted in any forum, whether foreign or domestic, by Class Representatives or any Settlement Class Member, or any Person claiming through or on behalf of any of them, against any of the Released Persons based upon, arising out of, or relating in any way to the claims, allegations, acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions that are, were, or could have been alleged in the Litigation. Expressly excluded from Released Claims are: (i) the matters set forth in ¶ 6.5 of the Stipulation; and (ii) the shareholder derivative claims asserted in *Zhou v. Sharng et al.* and *Kleinfeldt v. Sharng et al.*, pending in the Superior Court of the State of California, County of Los Angeles, and the United States District Court for the Central District of California, respectively.

12.    In accordance with Paragraph 1.42 of the Stipulation, for purposes of this Judgment the term "Unknown Claims" means and includes any and all claims, debts, demands, obligations, disputes, rights, issues, controversies, causes of action, suits, matters, damages, or liabilities of every kind, nature, description and character whatsoever that Class Representatives and/or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time this Stipulation or the

Judgment is entered which, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decision: (i) not to object to this Settlement; (ii) not to exclude himself, herself, or itself from the Settlement Class; or (iii) to release the Released Claims. Class Representatives and Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, upon the Effective Date, Class Representatives shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, whether known or unknown, discoverable or undiscoverable, concealed or hidden, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, choate or inchoate, accrued or unaccrued, matured or unmatured, which now exist, or heretofore hav existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. With respect to any and all Released Claims, upon the Effective Date, Class Representatives shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have waived and relinquished, and by operation of the Judgment shall have waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

**OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims and the foregoing waiver were separately bargained for and a key element of the Settlement of which the release is a material and essential part.

**13.** Upon the Effective Date, Class Representatives and all other Settlement Class Members, each of their respective Related Persons, and all other Persons who have or claim the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom) shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed all Released Claims (including Unknown Claims) against the Released Persons; (b) subject to and bound by the provisions of the Stipulation and this Judgment, the releases contained herein, and by all other proceedings, rulings, orders, determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class; and (c) permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims (including Unknown Claims) against any of the Released Persons.

**14.** Upon the Effective Date, Defendants shall be: (a) deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, Settlement Class Members, Co-Lead Counsel and their respective Related Persons from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution,

prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims ("Defendants' Released Claims"); and (b) shall be permanently barred and enjoined from commencing, instituting, maintaining or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Defendants' Released Claims against Class Representatives, Settlement Class Members and/or Co-Lead Counsel.

15.    All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Judgment.

16.    This Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation:

(a)    shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b)    shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Consolidated Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(c)    shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

(d)    shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to the Stipulation to effectuate the release of Released Claims and other liability protections granted to them in the Stipulation;

(e)    shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f)    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g)    shall not be used in any manner otherwise prohibited by paragraphs 10.1–10.4 of the Stipulation; and

(g)    shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action or in any other proceeding.

Notwithstanding any provision herein to the contrary, any Party or Released Person may file or introduce the Stipulation or this Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action. Further, any Released Person may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

18.     Any orders regarding the Plan of Allocation of the Net Settlement Fund, attorneys' fees and expenses, or any award to Class Representatives, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

19.     No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to: (a) any act, omission or determination of Co-Lead Plaintiffs' counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) any application for, or award of, attorney fees and expenses to Lead Plaintiffs' counsel, or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in the value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or

withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns

**20.** This Court finds that Class Representatives and Co-Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

**21.** This Court finds that during the course of the Litigation, the Class Representatives, Co-Lead Counsel and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

**22.** Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

**23.** The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 7.2 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

**24.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

25.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

SO ORDERED this 6th day of April, 2018.

_____
The Honorable Terry J. Hatter, Jr.
United States District Judge

EXHIBIT 1 – Parties Excluded from Settlement

Sylvie Richard
Cathy S. Corey, individually and as Executor of the estate of Robert G. Corey